Electronically Filed
Intermediate Court of Appeals
CAAP-21-0000224
15-OCT-2024
08:00 AM
Dkt. 41 SO

CAAP-21-0000224

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

PUU HELEAKALA COMMUNITY ASSOCIATION,
by and through its Board of Directors, Plaintiff-Appellee, v.
GABI KIM COLLINS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(CASE NO. 1RC181007771)

SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and McCullen, JJ.)

Defendant-Appellant Gabi Kim Collins (**Collins**) appeals from the February 22, 2021 Judgment (**Judgment**) entered by the District Court of the First Circuit, Waiʻanae Division (**District Court**),[1] against Collins and in favor of Plaintiff-Appellee Puu Heleakala Community Association, by and through its Board of Directors (**Puu**). Collins also challenges the District Court's February 4, 2021 Order Granting Plaintiff's Motion for Summary Judgment (**SJ Order**).

Collins raises two points of error on appeal, contending that the District Court erred by: (1) assuming

---

[1] The Honorable James C. McWhinnie presided.

jurisdiction and adjudicating the case in violation of District Court Rules of Civil Procedure (**DCRCP**) Rule 12.1, and Hawaii Revised Statutes (**HRS**) § 604-5(d) (2016); and (2) granting summary judgment to, and entering judgment in favor of, Puu because Collins presented substantial evidence that the claim was barred on multiple statutory grounds.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Collins's points of error as follows:

(1)  Collins argues that, pursuant to HRS § 604-5(d) and DCRCP Rule 12.1, the District Court lacked jurisdiction to resolve Puu's Complaint and motion for summary judgment.  HRS § 604-5 (2016) states, in pertinent part:

> **§ 604-5  Civil Jurisdiction.**
>
> . . . .
>
> (d)    The district courts shall not have cognizance of real actions, nor actions in which the title to real estate comes in question . . .

DCRCP Rule 12.1 states:

> **Rule 12.1.  DEFENSE OF TITLE IN DISTRICT COURTS.**
>
> **Pleadings.**  Whenever, in the district court, in defense of an action in the nature of an action of trespass or for the summary possession of land, or any other action, the defendant shall seek to interpose a defense to the jurisdiction to the effect that the action is a real action, or one in which the title to real estate is involved, such defense shall be asserted by a written answer or written motion, which shall not be received by the court unless accompanied by an affidavit of the defendant, setting forth the source, nature and extent of the title claimed by defendant to the land in question, and such further particulars as shall fully apprise the court of the nature of defendant's claim.

Collins's arguments that title is in dispute are loosely based on separate foreclosure proceedings involving the

subject property (**Property**).  However, Puu's Complaint herein is in the nature of assumpsit, seeking money owed stemming from the time in which Collins owned the Property.  Whether Bank of America, Collins, or another person or entity currently owns the Property is not relevant.  Puu is plainly not attempting to collect from Collins Property-related fees owed after August 15, 2016, when the Property was transferred to Federal Home Loan Mortgage Corporation (**FHLMC**) via a Commissioner's Deed.  We conclude that Collins's argument that the District Court lacked jurisdiction is without merit.

(2)  Collins makes several arguments in support of her second point of error challenging the SJ Order.

The essence of Collins's first argument appears to be that she was not in privity with About Time Acquisition, LLC, a single member limited liability company owned by Collins (**ATA**). Some of Collins's arguments are difficult to discern, but it appears that Collins contends that she was wrongly found liable for association fees accrued during the period of ATA's ownership of the Property because that liability was founded in theories of privity or piercing of the corporate veil.  However, that was not the case.  To the extent that the Judgment was founded in part on unpaid assessments prior to ATA's transfer of the Property to Collins, the District Court's SJ Order stated:

> (iv)  Pursuant to Hawaii Revised Statutes § 421J-10.5, [Collins] is jointly and severally liable with [ATA] (the preceding owner of the Subject Property) for all unpaid assessments on the Subject Property which were due to the Association prior to ATA conveying the Subject Property to [Collins] in her individual capacity on November 26, 2014.

HRS § 421J-10.5 (Supp. 2017) states, in pertinent part:

> **§ 421J-10.5  Association fiscal matters; lien for assessments.**  (a) All sums assessed by the association, but unpaid for the share of the assessments chargeable to any unit, shall constitute a lien on the unit.
>
> . . . .
>
> **In the case of a voluntary conveyance, the grantee of a unit shall be jointly and severally liable with the grantor for all unpaid assessments against the latter for the grantor's share of the common expenses up to the time of the grant or conveyance**, without prejudice to the grantee's right to recover from the grantor the amounts paid by the grantee. . . .

(Emphasis added).

Collins, acting for ATA, voluntarily conveyed the Property to herself via quitclaim deed on November 26, 2014. Thus, pursuant to HRS § 421-J-10.5, Collins, as grantee, is jointly and severally liable with ATA, as grantor, for ATA's unpaid assessments, and her arguments concerning privity are without merit.

Collins's next argument appears to be that Puu should be collaterally estopped from this collection action because the claim is barred by the final judgment in the foreclosure action; Collins contends that the claim was thus extinguished in the foreclosure action. However, contrary to Collins's assertion, the circuit court in the foreclosure action specifically found that Puu had a statutory lien against the Property pursuant to HRS § 421J-10.5, which was not extinguished by the foreclosure. Collins's argument is without merit.

Collins further argues that Puu's claim is barred pursuant to HRS § 514B-146(b) (2018) because the purchaser of the Property, FHLMC, should have been responsible for expenses or assessments at an earlier date. It appears, however, that

4

Collins's argument may be based on an incomplete or incorrect reading of the statute.

> **§ 514B-146  Association fiscal matters; lien for assessments.**
>
> . . . .
>
> (b)  Except as provided in subsection (j), when the mortgagee of a mortgage of record or other purchaser of a unit obtains title to the unit as a result of foreclosure of the mortgage, the acquirer of title and the acquirer's successors and assigns shall not be liable for the share of the common expenses or assessments by the association chargeable to the unit that became due prior to the acquisition of title to the unit by the acquirer.  The unpaid share of common expenses or assessments shall be deemed to be common expenses collectible from all of the unit owners, including the acquirer and the acquirer's successors and assigns.  The mortgagee of record or other purchaser of the unit shall be deemed to acquire title and shall be required to pay the unit's share of common expenses and assessments beginning:
>
> > (1)  Thirty-six days after the order confirming the sale to the purchaser has been filed with the court;
> >
> > (2)  Sixty days after the hearing at which the court grants the motion to confirm the sale to the purchaser;
> >
> > (3)  Thirty days after the public sale in a nonjudicial power of sale foreclosure conducted pursuant to chapter 667; or
> >
> > (4)  Upon the recording of the instrument of conveyance;
>
> whichever occurs first; **provided that the mortgagee of record or other purchaser of the unit shall not be deemed to acquire title under paragraph (1), (2), or (3)**, if transfer of title is delayed past the thirty-six days specified in paragraph (1), the sixty days specified in paragraph (2), or the thirty days specified in paragraph (3), **when a person who appears at the hearing on the motion** or a party to the foreclosure action **requests reconsideration of the motion or order to confirm sale**, objects to the form of the proposed order to confirm sale, appeals the decision of the court to grant the motion to confirm sale, or the debtor or mortgagor declares bankruptcy or is involuntarily placed into bankruptcy.  **In any such case, the mortgagee of record or other purchaser of the unit shall be deemed to acquire title upon recordation of the instrument of conveyance.**

(Emphasis added).

In the subject foreclosure action, the order to confirm sale was entered on April 28, 2016.  Collins filed a motion for

reconsideration of, *inter alia*, the April 28, 2016 order to confirm sale.  Therefore, the final sentence (bolded) above is controlling.  Title was conveyed on August 15, 2016, by way of Commissioner's Deed filed in the Office of the Assistant Registrar of the Land Court of the State of Hawaiʻi.  Collins's argument based on HRS § 514B-146(b) is without merit.

Collins cites HRS § 667-33 (2016) and contends that the foreclosure on the Property extinguished junior liens against the Property.  Collins provides no discernible arguments regarding her request for relief from the District Court's money judgment against her.  We conclude that this argument is without merit.

Collins makes additional arguments regarding assumpsit and bad faith.  However, these arguments are difficult to discern and are not made in compliance with Hawaiʻi Rules of Appellate Procedure Rule 28(b)(4), (7).  We conclude that these arguments are waived and/or no appellate relief is warranted based on these arguments.

For these reasons, the District Court's February 22, 2021 Judgment is affirmed.

DATED: Honolulu, Hawaiʻi, October 15, 2024.

| On the briefs: | /s/ Katherine G. Leonard<br>Acting Chief Judge |
|---|---|
| Gabi Kim Collins,<br>Defendant-Appellant *Pro Se*. | /s/ Keith K. Hiraoka<br>Associate Judge |
| R. Laree McGuire,<br>(Porter McGuire Kiakona, LLP),<br>for Plaintiff-Appellee. | /s/ Sonja M.P. McCullen<br>Associate Judge |